UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| VALERIE SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-cv-04236-NKL |
| | ) |
| INTERNATIONAL BUSINESS | ) |
| MACHINES CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Defendant International Business Machine Corporation's ("IBM") motion for attorneys' fees pursuant to the Court's order of March 26, 2015, Doc. 77. IBM's motion is granted in part and denied in part.

**I.  Background**

This case was originally filed in the Northern District of Illinois on November 22, 2013. It was transferred to the Western District of Missouri on September 2, 2014. On February 13, 2015, the Court held a teleconference with the parties regarding a discovery dispute. IBM stated that Plaintiff Valerie Shaw had not yet filed her Rule 26 disclosures or provided answers to IBM's interrogatories or requests for production of documents. The Court ordered Ms. Shaw to make her Rule 26 disclosures no later than March 1 and provide all other documents and responses to IBM's discovery requests no later than March 13. The Court also explained how discovery was conducted and referred Ms. Shaw to the Federal Rules of Civil Procedure, explaining their availability on the internet

1

and at any law school library. Ms. Shaw resides in the Chicago area. The Court informed Plaintiff that if she failed to comply with the Court's order the case would be dismissed. [Doc. 70].

On March 3, 2015, Ms. Shaw filed a motion for extension of time stating that she had plans to travel out of the country from March 9 through 18 and would be unable to meet the Court's discovery deadlines. On March 5, the Court denied Ms. Shaw's motion and stated that she was required to comply with the prior deadlines.

On March 24, the Court held another teleconference with the parties regarding the discovery dispute. During the teleconference, Ms. Shaw explained that she had been unable to comply with her discovery obligations due to her travels and stated that she had not received notice of the Court's March 5 order denying her motion for extension of time. The Court found, based on ECF technology and the surrounding circumstances, that the ECF email notification regarding the March 5 denial of the motion was delivered to the email address confirmed by Ms. Shaw during the teleconference. Ms. Shaw also admitted during the teleconference that she never contacted the Court to find out whether her motion had been granted. Due to Ms. Shaw's refusal to provide basic discovery to IBM as required by the Federal Rules of Civil Procedure, even after she was ordered to do so, the Court stated that it would either require her to pay IBM's attorneys' fees for the time spent enforcing the February 13 order or dismiss her case without prejudice. Ms. Shaw stated that she did not want her case to be dismissed. Therefore, the Court ordered her to pay reasonable attorneys' fees incurred by IBM to obtain and enforce the Court's February 13 discovery order. The Court stated that Ms. Shaw had until April 6 to

2

produce all discovery requested by IBM and complete her Rule 26 disclosures, or her case would be dismissed without prejudice.[1]

Following the teleconference, IBM filed this motion, accounting for its time spent enforcing the Court's February 13 order and requesting $9,631.50 in attorneys' fees. Ms. Shaw filed suggestions in opposition to IBM's motion, stating that she should not be required to pay the fees because she did not receive notice that her motion for extension of time had been denied and had made every reasonable attempt to produce discovery in the case. She also noted that as a lay person, complying with her discovery obligations had been a challenge.

**II.  Discussion**

Federal Rule of Civil Procedure 37(b) states that when a party violates a court order requiring disclosure or discovery, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Under this rule, the Court is required to order Ms. Shaw, the party in violation of the Court's discovery order, to pay IBM's attorneys' fees, unless to do so would be unjust. The Court has wide discretion in imposing sanctions under Rule 37. *See Carmody v. Kansas City Bd. Of Police Com'rs*, 713 F.3d 401, 405 (8th Cir. 2013) ("That 'discretion to fashion a remedy or sanction' is 'wide,' but 'narrows as the severity of the

---

[1] As of the date of this order, Ms. Shaw has still not fully responded to IBM's discovery and was given another extension to do so, without objection by IBM.

sanction or remedy increases.'" (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008))).

In this case, the Court must require Ms. Shaw to pay IBM reasonable attorneys' fees due to her unreasonable failure to produce discovery as ordered by the Court on February 13. This case was filed in November 2013. However, Ms. Shaw had not complied with even her basic discovery obligation to make initial disclosures by February 2015. Due to Ms. Shaw's status as a pro se litigant, the Court gave her two weeks following the February 13 teleconference to make her initial disclosures and an additional two weeks to respond to IBM's discovery requests. The Court also informed Ms. Shaw that due to the age of the case and the large delays in the discovery process, the case would be dismissed if she did not comply with the Court's order.

At the time the Court entered its February 13 order setting deadlines for Ms. Shaw's discovery responses, Ms. Shaw knew that she had international travel planned in March. [Doc. 96, p. 5]. Her travel documents indicate that she booked her flight to Panama on February 11, 2015. *Id.* Ms. Shaw did not mention these travel plans to the Court during the teleconference on February 13 or say that she might have trouble meeting the Court's deadline due to her plans. Instead, she waited until a week before her trip to request that the Court extend her deadlines. This request was not made until March 3, two days after her initial Rule 26 disclosures were due. The Court denied Ms. Shaw's motion on March 5, two days after it was filed and four days before her scheduled departure date. This gave Ms. Shaw four days to make a reasonable effort to comply with the Court's order while in the country. However, Ms. Shaw made no

4

disclosures or responses before leaving the country on March 9 and made no disclosures or responses between March 18, the date she returned, and March 26, the date the Court held its second teleconference regarding the discovery disputes in this case. Based on this record, the Court finds that Ms. Shaw did not make a good faith attempt to comply with the Court's orders regarding her discovery deadlines, even though the Court and IBM have made unusual efforts to help her understand her responsibilities and choices during this extended discovery dispute. Ms. Shaw did not provide, in a timely fashion, even basic discovery information required by the Federal Rules. While she claims to be unable to understand her obligations because she is pro se, Ms. Shaw has been very able to respond during phone conferences to arguments made by IBM concerning their request for relief and has sent voluminous discovery requests to IBM. Her difficulty with the process seems to be selective.

 Ms. Shaw claims that she did not receive notice of the Court's order denying her motion for extension of time. However, the Court found during the March 26 teleconference that she did receive notice of the Court's order through the ECF filing system. The email did not bounce back as undeliverable, concrete evidence that she had access in her own email if she chose to look. Further, if Ms. Shaw did not know how the Court ruled, it was her obligation to make reasonable efforts to find out if the Court had ruled on the motion and what the decision was. She did not even contact the Court to find out whether the continuance had been granted, but rather decided for herself that she did not have to produce the discovery as ordered. Finally, IBM emailed Ms. Shaw on March 6 to notify her that based on the Court's March 5 order, her discovery responses

5

were still due on March 13.  [Doc. 77-1].  It is clear that Ms. Shaw did not have good cause for failing to comply with the Court's February 13 order.

IBM requests that the Court order Ms. Shaw to pay $9,631.50 in fees.  Taking into account the tasks required to be performed by IBM's counsel and the disparity of resources, the Court finds the requested sanction is too high. The Court concludes that a reasonable penalty under these circumstances is $2,000.  This is substantially less than the reasonable fees incurred by IBM to enforce the Court's order, but hopefully enough to ensure full compliance with the Court's orders in the future.

### III.     Conclusion

For the reasons set forth above, IBM's motion for attorneys' fees is granted in part and denied in part.  Ms. Shaw is ordered to pay IBM $2,000 in attorneys' fees for its expenses associated with enforcing the Court's order of February 13, 2015.

/s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  June 22, 2015  
Jefferson City, Missouri