IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| VALERIE SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | No. 14-4236-CV-C-NKL |
| | ) | |
| INTERNATIONAL BUSINESS | ) | |
| MACHINES CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION
## FOR SANCTION OF DISMISSAL (Doc. 120)

Pending before the Court is defendant International Business Machine Corporation's (hereafter "IBM") motion for the sanction of dismissal based on plaintiff Valerie Shaw's refusal to appear and testify at her deposition in violation of the Court's Order of August 5, 2015. (Doc. 120). Defendant's motion for sanctions was filed on August 18, 2015. Thereafter, on September 23, Plaintiff filed suggestions in opposition. (Doc. 131). Defendant then filed reply suggestions on October 13 in support of its motion for the sanction of dismissal. (Doc. 134).[1]

### I. Background

Plaintiff Valerie Shaw, a plaintiff proceeding *pro se*, filed this action against defendant IBM in November 2013, alleging she was discriminated against by IBM based on her sex and race in violation of Title VII of the Civil Rights Act of 1964. Defendant IBM denies the allegations of discrimination set forth in Plaintiff's Complaint. The case was originally filed in the Northern District of Illinois and was subsequently transferred to the Western District of Missouri on September 2, 2014.

### II. District Court's Prior Order of Sanctions against Plaintiff Shaw

Prior to the filing of Defendant's pending motion for the sanction of dismissal (doc. 120), the record supports that the District Court has had an extremely difficult time attempting to get Plaintiff to follow its discovery orders. There have been multiple teleconferences relating to

---

[1] This motion was referred to the undersigned United States Magistrate Judge for processing on August 28, 2015 (doc. 122) in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

discovery disputes involving both the District Judge and the undersigned. (Docs. 70 (2-13-15), 74 (3-24-15), 98 (5-22-15), 106 (6-11-15), 113 (7-17-15), 119 (8-5-15), and 136 (10-16-15).[2] Plaintiff has repeatedly delayed proceedings and failed to comply with her discovery obligations, including Court ordered deadlines. (See e.g. Docs. 70 and 108).

On February 13, 2015, the District Court held a teleconference with the parties regarding a discovery dispute. Defendant stated that Plaintiff had not yet filed her Rule 26 disclosures or provided answers to Defendant's interrogatories or requests for production of documents. The District Court ordered Plaintiff to make her Rule 26 disclosures no later than March 1, 2015, and provide all other documents and responses to Defendant's discovery requests no later than March 13, 2015. The District Court also explained how discovery was conducted and referred Plaintiff to the Federal Rules of Civil Procedure, explaining their availability on the Internet and at any law school library in the Chicago area, where Plaintiff resides. The District Court informed Plaintiff that if she failed to comply with the Court's order the case would be dismissed. (Doc. 70).

On March 3, 2015, Plaintiff filed a motion for extension of time stating that she had plans to travel out of the country from March 9 through 18 and would be unable to meet the District Court's discovery deadlines. On March 5, the District Court denied Plaintiff's motion and stated that she was required to comply with the prior deadlines.

On March 24, 2015, the District Court held another teleconference with the parties regarding the discovery dispute. During the teleconference, Plaintiff explained that she had been unable to comply with her discovery obligations due to her travels and stated that she had not received notice of the District Court's March 5 order denying her motion for extension of time. The District Court found, based on ECF technology and the surrounding circumstances, that the ECF email notification regarding the March 5 denial of the motion was delivered to the email address confirmed by Plaintiff during the teleconference. Plaintiff also admitted during the teleconference that she never contacted the District Court to find out whether her motion had been granted. Because of Plaintiff's refusal to provide basic discovery to Defendant as required by the Federal Rules of Civil Procedure, even after she was ordered to do so, the District Court stated that it would either require her to pay Defendant's attorneys' fees for the time spent

---

[2] On July 7, 2015, the District Judge referred the discovery dispute scheduled for July 17, 2015, to the undersigned United States Magistrate Judge.

2

Case 2:14-cv-04236-NKL   Document 144   Filed 12/15/15   Page 2 of 9

enforcing the February 13 order or dismiss her case without prejudice. Plaintiff stated that she did not want her case to be dismissed. As a result, the District Court ordered her to pay reasonable attorneys' fees incurred by Defendant to obtain and enforce the February 13 discovery order. The District Court stated that Plaintiff had until April 6 to produce all discovery requested by Defendant and complete her Rule 26 disclosures, or her case would be dismissed without prejudice.

Following the teleconference on March 24, 2015, Defendant filed a motion for attorneys' fees (doc. 77), accounting for the time spent enforcing the District Court's February 13 order and requesting $9,631.50 in attorneys' fees. Plaintiff filed suggestions in opposition to Defendant's motion (doc. 80), stating that she should not be required to pay the fees because she did not receive notice that her motion for extension of time had been denied and had made every reasonable attempt to produce discovery in the case.

On June 22, 2015, the District Court entered an Order granting in part and denying in part Defendant's motion for attorneys' fees. In its Order the District Court stated as follows:

> IBM requests that the Court order Ms. Shaw to pay $9,631.50 in fees. Taking into account the tasks required to be performed by IBM's counsel and the disparity of resources, the Court finds the requested sanction is too high. The Court concludes that a reasonable penalty under these circumstances is $2,000. This is substantially less than the reasonable fees incurred by IBM to enforce the Court's order, but hopefully enough to ensure full compliance with the Court's orders in the future.
> III. Conclusion
> For the reasons set forth above, IBM's motion for attorneys' fees is granted in part and denied in part. Ms. Shaw is ordered to pay IBM $2,000 in attorneys' fees for its expenses associated with enforcing the Court's order of February 13, 2015.

(Doc. 108 at p.6).

In the District Court's Order granting the partial imposition of attorneys' fees against Plaintiff (doc. 108), the Court noted that Federal Rule of Civil Procedure 37(b) states that when a party violates a court order requiring disclosure or discovery, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Under this rule, the Court is required to order Ms. Shaw, the party in violation of the Court's discovery order, to pay Defendant's attorneys' fees, unless to do so would be unjust. The Court has wide discretion in imposing sanctions under Rule 37. See Carmody v.

3

Kansas City Bd. Of Police Com'rs, 713 F.3d 401, 405 (8th Cir. 2013) ("That 'discretion to fashion a remedy or sanction' is 'wide,' but 'narrows as the severity of the sanction or remedy increases.'") (quoting Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008)).

The District Court further noted that the case was filed in November 2013. However, Plaintiff had not complied with even her basic discovery obligation to make initial disclosures by February 2015. Due to Plaintiff's status as a *pro se* litigant, the District Court gave her two weeks following the February 13, 2015 teleconference to make her initial disclosures and an additional two weeks to respond to Defendant's discovery requests. The District Court also warned Plaintiff that due to the age of the case and the large delays in the discovery process, the case would be dismissed if she did not comply with the Court's order.

### III. Defendant's Motion for the Sanction of Dismissal. (Doc. 120).

This lawsuit was initially filed by Plaintiff in November 2013, in the Northern District of Illinois. In August 2014, the District Court in Northern Illinois granted Defendant's motion to transfer the case to the Western District of Missouri. Shortly after the transfer, Plaintiff's counsel withdrew from the case.

In December 2014, Defendant served its initial discovery requests on Plaintiff. Since that time, Plaintiff has repeatedly delayed proceedings and failed to comply with Court-ordered deadlines and discovery obligations. According to Defendant, Plaintiff provided no written responses to document requests, refused to answer numerous interrogatories, failed to provide meaningful answers to most interrogatories, and failed to produce large categories of relevant and responsive documents. (Doc. 82, pp.12-18). Plaintiff's discovery violations have resulted in multiple delays and a substantial waste of judicial time and financial resources of Defendant. As noted above, the District Court has previously imposed sanctions and warned Plaintiff that her case could be dismissed if she failed to comply with Court orders, yet Plaintiff continues to miss deadlines.

### A. Plaintiff's Deposition

On July 2, 2015, counsel for Defendant noticed Plaintiff's deposition for July 15, 2015. On July 7, plaintiff informed defense counsel she would not appear for her deposition until after August 15, approximately two weeks from the revised discovery deadline of August 31. As a result, counsel for Defendant contacted the District Court and requested a teleconference to resolve the deposition scheduling dispute and other discovery disputes. The District Court

initially scheduled the teleconference for July 9, but because of a scheduling conflict, the discovery dispute was referred to the undersigned for resolution. As a result, Defendant re-scheduled Plaintiff's deposition for July 10. Again, Plaintiff refused to comply.

On July 17, 2015, the undersigned scheduled a teleconference with the parties. Plaintiff continued to refuse to agree to a deposition date claiming unspecified medical issues and a family loss.[3] Because of the fast approaching discovery deadline, the undersigned ordered Plaintiff to select a date during the week of July 26 to appear for her deposition. Plaintiff selected July 30. On Tuesday, July 28, lead counsel for Defendant advised Plaintiff that he had experienced two deaths in his family that week and would like to schedule Plaintiff's deposition for either August 5, 6, or 8. Plaintiff did not respond to this request. On July 31, defense counsel emailed and mailed Plaintiff a notice of deposition for August 6. Defense counsel received an auto email response indicating Plaintiff would be out of the office until August 13. Defense counsel also left voice mail messages but did not receive any response from Plaintiff. As a result, Defendant contacted the Court and scheduled a teleconference for August 5. Both the District Court and Magistrate Court's staff left messages by email and voice mail with Plaintiff advising her of the teleconference but did not receive any response.

As a result, on August 5, 2015, the undersigned entered an order requiring Plaintiff to appear for her deposition in defense counsel's office in Chicago (where Plaintiff also resided) on August 17. The Plaintiff was also warned that sanctions would likely be imposed if she failed to appear for the deposition. (Doc. 119). On August 14, Plaintiff contacted the District Court to object to the August 17 deposition date and her request to delay the deposition was denied. Plaintiff indicated she would appear as ordered.

On August 17, 2015, Plaintiff appeared for her deposition at defense counsel's office. However, Plaintiff refused to answer any substantive questions and walked out of the deposition after approximately ten minutes. Plaintiff stated in the deposition, "I invoke my right to counsel," as the basis for her refusal to answer any substantive questions. Defense counsel informed Plaintiff that there was no such right in a civil case but Plaintiff continued to refuse to answer questions. Plaintiff then left the building and, according to defense counsel, refused to answer phone calls or respond to voice mail messages and email for the remainder of the day.

---

[3] Defense counsel alleges he later learned Plaintiff's loss involved the death of an aunt in May 2015, three months prior to the August 17 deposition. (Doc.134 at p.4).

5

On August 18, 2015, Defendant filed its motion to dismiss Plaintiff's lawsuit as a result of her willful violation of this Court's August 5 order requiring her to appear and give a deposition on August 17. (Doc. 120). Defendant alleges Plaintiff "has repeatedly ignored Court orders and deadlines (including May 22, June 11, and July 17 orders), misrepresented her activities to the Court, engaged in gamesmanship throughout the discovery process in this case, and exhibited years' long pattern of bad-faith conduct in pursuing her claims against Defendant, at the EEOC, in the Northern District of Illinois, and in the Western District of Missouri." (Doc. 134 at pp. 1-2). As of October 13, Plaintiff has persisted in her refusal to provide deposition testimony. (Doc. 134 at 1). Although Plaintiff denies these allegations, this Court agrees with Defendant.

### B. Legal Analysis

Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the Court to impose sanctions upon parties who fail to comply with discovery orders. Dismissal may be considered as a sanction when there is (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party. Sentis Group, Inc. v. Shell Oil Co., 559 F.3d 888, 899 (8th Cir. 2009) (citing Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000)). The District Court is not constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 941 (8th Cir. 2001); Chrysler Corp. v. Carey, 186 F.3d 1016, 1022 (8th Cir. 1999). When a litigant's conduct abuses the judicial process, the remedy of dismissal is within the inherent powers of the court. Id.; See also Lindstedt v. City of Granby, 238 F.3d 933 (8th Cir. 2000). A plaintiff need not have acted in bad faith, but the District Court must find that the plaintiff "acted intentionally as opposed to accidentally or involuntarily." Arnold v. ADT Security Servs, Inc., 627 F.3d 716, 722 (8th Cir. 2000) (internal citations omitted). Dismissal is an authorized sanction for a party who has lied or willfully deceived the Court. See Hairston v. Alert Safety Light Prods., 307 F.3d 717, 721 (8th Cir. 2002).

Under Federal Rule of Civil Procedure 41(b), the Court may also dismiss a cause of action with prejudice if "the plaintiff fails to prosecute or comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). Willful discovery delays, coupled with disregard of a court-ordered deposition, and court rulings relating to representation by counsel, constitute sufficient grounds for dismissal with prejudice. Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1221-

6

22 (8th Cir. 1998) (internal citations omitted); Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (affirming dismissal with prejudice under FRCP 41(b) where *pro se* plaintiff refused to participate in court ordered deposition, despite being warned of potential sanctions).

Here, dismissal is warranted. Plaintiff has violated numerous Magistrate and District Court orders, including the May 22, June 11, and July 17 orders compelling Plaintiff to produce full and accurate responses to interrogatories and document requests. (Docs. 98, 106, 113). Plaintiff also violated the August 5, 2015 order that she appear for and provide her deposition on August 17, 2015. (Doc. 119). Plaintiff was warned on multiple occasions about the need to comply with these orders, including by the undersigned during the July 17 teleconference and in written orders on July 17 and August 5, in an email from the District Court's chambers on August 14, and in numerous previous hearings and orders by the District Court. Plaintiff's violation of Court orders is both willful and intentional.

With respect to her deposition, Plaintiff has attempted to avoid providing answers to questions from Defendant by appearing at her deposition for approximately ten minutes, refusing to answer any substantive questions, and attempting to invoke the "right to counsel." The Court is satisfied Plaintiff is acting in bad faith and is inappropriately attempting to frustrate defense counsel and drive up Defendant's legal expenses.

Defendant has been substantially prejudiced by Plaintiff's actions. Defendant has been required to invest significant time and money defending against Plaintiff's lawsuit. Plaintiff has requested production of tens of thousands of pages of discovery from Defendant, including late requests for 80 new categories of documents. Moreover, Plaintiff refuses to properly participate in the discovery process. Defendant's expenses in this case have been substantially increased as a result of Plaintiff's discovery abuses and violations, which have resulted in numerous motions and hearings before both the District and Magistrate Court. Defendant has been required to serve multiple notices of deposition and participate in two teleconferences in an effort to agree on a date for Plaintiff's deposition. When the date of the deposition arrived, Plaintiff inexplicably left after only ten minutes invoking her "right to counsel." Further, Defendant represents that at least two additional depositions of former employees, now located in the eastern United States, and possibly more, need to be taken but cannot be undertaken until Plaintiff's deposition is completed. (Doc. 120, pp 12-13).

Because of Plaintiff's misconduct, dismissal of this case with prejudice is appropriate. See Rodgers, 135 F.3d at 1221-22 (dismissal was proper, even though lesser sanctions were never awarded, where Plaintiff engaged in dilatory conduct, failed to attend court-ordered deposition, and defied court order barring Plaintiff from firing his attorney); Good Stewardship Christian Ctr. v. Empire Bank, 341 F.3d 795 (8th Cir. 2003) (dismissal was proper where plaintiffs violated court orders, failed to properly answer requests for admissions, obstructed discovery, and failed to pay sanctions ordered by the court); Lindstedt, 238 F.3d at 937 (dismissal was proper were the discovery requirements placed on the *pro se* plaintiff by the court were straightforward and simple, and the plaintiff willfully and intentionally refused to answer Defendant's interrogatories as a litigation tactic and abused the discovery process).

Plaintiff has invoked her *pro se* status as an excuse for her actions, but it is well settled law that *pro se* litigants are not excused from complying with court orders or substantive and procedural law. Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988) (affirming dismissal where district court gave plaintiffs meaningful notice of what was expected of them during the course of discovery, initially imposed less stringent sanctions, and warned plaintiffs that their failure to comply with subsequent court orders could result in dismissal of their action). District judges "must be able to require litigants, even *pro se* litigants, to promptly proceed" with litigation requirements. Lindstedt, 238 F.3d at 937. "A *pro se* litigant is bound by the litigation rules as a lawyer, particularly with the fulfilling of simple requirements of discovery." Id. (district court did not abuse its discretion in dismissing suit as sanction for *pro se* plaintiff's willful and intentional refusal to answer Defendants' interrogatories).[4]

**IV. Conclusion**

Based on the foregoing, the sanction of dismissal is appropriate due to plaintiff Shaw's misconduct in willfully violating the Court's order to appear and fully answer questions at her deposition on August 17, 2015, which has resulted in prejudice to defendant IBM.

IT IS THEREFORE RECOMMENDED that defendant IBM's motion for the sanction of dismissal based on plaintiff Shaw's refusal to appear and testify at her deposition in

---

[4] Plaintiff appears to be an experience *pro se* litigant. In response to interrogatories, Plaintiff identified twenty (20) lawsuits where she is/was a named party, and Defendant has identified approximately fifteen (15) additional lawsuits where Plaintiff appears to have been a named party. (Doc. 120, p. 14).

8

violation of the Court's order of August 5, 2015 (doc. 120), be granted, and Plaintiff's claims dismissed with prejudice.

Counsel are reminded that they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 15th day of December, 2015, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge