# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| VALERIE SHAW, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:14-cv-04236-NKL ) |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) ) |
| Defendant. | ) |

## ORDER

On December 15, 2015, United States Magistrate Judge Matt J. Whitworth recommended that Defendant's motion for the sanction of dismissal, [Doc. 120], be granted. The parties were advised they could file written objections to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff timely filed objections to the recommendation. The Court adopts Judge Whitworth's recommendation, [Doc. 144], over Plaintiff's objections.

**I.     Background**

In his recommendation, Judge Whitworth thoroughly discussed the proceedings in this case. The Court has reviewed *de novo* the discussion and finds it consistent with the record and events to date. The Court adopts the discussion of the proceedings relevant to the motion for sanction of dismissal as set forth in the recommendation. [Doc. 144, p. 1-6].

## II. Motion to Recuse

One day before Judge Whitworth made his recommendation, Plaintiff filed a motion for judicial recusal, Doc. 143, contending that the undersigned should recuse herself from this action due to bias against the Plaintiff. Defendant opposes Plaintiff's motion.

A federal judge shall recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "By enacting section 455(a), Congress sought to eradicate not only actual, but also the appearance of impropriety in the federal judiciary." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir.2002). Under section 455(b)(1), a judge is also required to recuse herself "[w]here [s]he has a personal bias or prejudice concerning a party . . . ." Judges bear a "fundamental ethical duty . . . to police his or her own disqualification status." *Sw. Bell Tel. Co. v. F.C.C.*, 153 F.3d 520, 521 (8th Cir. 1998) (Hansen, J., in chambers). Whether recusal is required under § 455 is up to the sound discretion of the district court. *Moran*, 296 F.3d at 648.

The standard for determining whether recusal is required under § 455(a) or 455(b)(1) is objective. A judge is required to recuse herself "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009) (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)). Judges are presumed to be impartial unless the party seeking recusal proves otherwise. *Id*. at 790. The movant's "allegations [must] meet the substantial showing necessary to establish a clear and indisputable right to recusal and a nondiscretionary

2

duty on the district judge to disqualify himself." *In re Kansas Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1365 (8th Cir. 1996).

Plaintiff has cited no circumstances which would lead a reasonable person to question judicial impartiality in this action. While Plaintiff has repeatedly indicated her disproval of the Court's decision to impose monetary sanctions for her failure to comply with discovery and her belief that the Court has exempted Defendant from its discovery obligations, Plaintiff's displeasure with the course of proceedings does not present a justification for judicial recusal.[1] Plaintiff has repeatedly failed to meet her discovery obligations and hampered the course of proceedings in this action by ignoring Court orders and failing to work with defense counsel in a reasonable manner. The purported slights Plaintiff has experienced have arisen not out of judicial hostility toward Plaintiff or any preference for Defendant, but out of Plaintiff's failure to litigate her case as required by the Federal Rules, the scheduling order, and the Court's discovery orders. Plaintiff's representation that she "feels intimidation" and is "uncomfortable" during Court proceedings does not establish "a clear and undisputable right to recusal."

Moreover, the Court's decision to refer Defendant's motion for the sanction of recusal to Magistrate Judge Whitworth, whose order was related to present sanction motion, for a report and recommendation alleviates any question that could exist about

---

[1] Furthermore, despite the Court's finding that Plaintiff was not being truthful during one hearing and the Court's imposition of monetary sanctions for Plaintiff's failure to comply with her discovery obligations, the Court repeatedly ruled in favor of Plaintiff during these teleconferences, granting her multiple extensions of time and ruling in favor of Plaintiff in a number of discovery disputes. Due to Plaintiff's status as a pro se litigant, the Court granted her a significant amount of leeway throughout the proceedings.

3

judicial impartiality in the ultimate resolution of this case. Plaintiff has not indicated that Judge Whitworth's impartiality is at all in question. Judge Whitworth undertook an independent review of Defendant's motion and concluded based on the parties' briefing and the record that dismissal is the appropriate sanction for Plaintiff's failure to abide by her discovery obligations in this case.

Plaintiff's motion for recusal is denied.

### III. Adoption of Report and Recommendation

Judge Whitworth has concluded that the Defendant's Motion for Sanctions should be granted due to Plaintiff's ongoing failure to comply with her discovery obligations, including her failure to answer questions at her deposition on August 17, 2015. Plaintiff objects to the contents of the recommendation largely based on her disagreement with Judge Whitworth's interpretation of the proceedings leading up to Defendant's motion.

Plaintiff repeatedly disputes the statements in the recommendation regarding the circumstances surrounding the denial of a motion for extension of time Plaintiff filed on March 3, 2015, and which the Court denied on March 5. However, Judge Whitworth's description of the circumstances surrounding the motion and its denial was adopted directly from the Court's minute entry from a March 26, 2015 teleconference, wherein the Court found that Plaintiff received email notification of the Court's order denying her motion. [Doc. 76]. Plaintiff's disagreement with the Court's original finding and Judge Whitworth's incorporation of the finding into the recommendation is not reason to reject the recommendation. Moreover, Plaintiff's failure to timely respond to Defendant's

discovery associated with the motion is only one in a string of failures to comply with discovery orders which resulted in the Magistrate Judge's recommendation.

Most of Plaintiff's remaining objections to the recommendation harken back to Plaintiff's motion for recusal. Plaintiff contends that she has been treated more harshly than Defendant, denied reasonable extensions of time, and was not permitted to respond to Defendant's arguments. None of these contentions are supported by the record. Plaintiff has been uniquely recalcitrant in this action. Her production of 400 pages of discovery is irrelevant to her failure to produce answers to interrogatories and other documents ordered by the Court. Despite the Court and defense counsel working with Plaintiff to inform her of her discovery obligations and the scope of the information she was required to produce, Plaintiff has exhibited an ongoing unwillingness to produce the required information. In contrast, Defendant has complied with its discovery obligations and produced discovery as ordered by the Court and as required by the Federal Rules. Plaintiff has been repeatedly granted extensions of time to respond to discovery and the Court has heard and granted many of Plaintiff's requests that Defendant be required to produce discovery, in an effort to move discovery forward.

Finally, Plaintiff disputes Judge Whitworth's characterization of the circumstances leading up to her deposition. Following numerous disputes between the parties regarding the scheduling of the deposition, Judge Whitworth held a teleconference with the parties and scheduled Plaintiff's deposition for July 30, 2015. However, defense counsel notified the Court on July 28 that he had experienced two deaths in his family in the preceding week and requested that the deposition be rescheduled for August 5, 6, or 8. In

5

light of defense counsel's significant conflict, Judge Whitworth granted defense counsel's request and extended the discovery deadline in the case approximately 18 days. Subsequently, Defendant attempted to contact Plaintiff to reschedule the deposition, but received an auto-reply email stating that she would be unreachable until August 13. Despite numerous attempts by phone and email, neither the Court nor Defendant was able to reach Plaintiff. Therefore, Judge Whitworth entered an order without Plaintiff's input directing Plaintiff to appear for her deposition on August 17, the Monday following August 13 when Plaintiff indicated she would be back in contact with her phone and email.

Plaintiff contends that this scheduling of her deposition was unreasonable and that the Magistrate Judge mischaracterized the events leading up to its scheduling. First, she argues that she did not "inform defense counsel she would not appear for her deposition until after August 15," but merely requested a deposition date after the 15th. However, the record reveals that Plaintiff is conflating later communications with defense counsel following the 18 day extension of the discovery deadline with communications she had with Defendant about the scheduling of the deposition in early July. She also argues that Judge Whitworth's decision to schedule her deposition on August 17 was unreasonable because, like defense counsel, she had experienced a death in her family. However, the record reflects that Plaintiff's aunt passed away approximately three months before the scheduled deposition. Judge Whitworth did not treat Plaintiff unfairly or differently than it treated Defendant, and Judge Whitworth's discussion of this chain of events accurately describes what happened.

6

Most importantly, as concluded by the Magistrate Judge, Plaintiff's refusal to answer questions at her deposition after appearing on August 17 was entirely unjustified. Plaintiff repeatedly refused to answer questions invoking her "right to counsel," despite defense counsel informing her that no such right exists in a civil suit. After ten minutes she left the deposition in violation of Judge Whitworth's order that she attend the deposition on the 17th. Plaintiff's failure to comply with her obligation to participate in her own deposition, combined with her numerous earlier failures to produce discovery as required, makes dismissal the appropriate sanction for Plaintiff's conduct.

The Court's own experiences in this case and its *de novo* review of the record convince the Court that the recommendation of the Magistrate Judge is accurate, well-reasoned, and should be adopted. The record reveals that Plaintiff willfully delayed discovery repeatedly and disregarded multiple Court orders regarding discovery. Defendant has been significantly prejudiced by Plaintiff's behavior as it has been forced to invest a significant amount of time and money in defending Plaintiff's lawsuit despite Plaintiff's own recalcitrance. Therefore, the Court orders that the Report and Recommendation of December 15, 2015, [Doc. 144], is adopted and the Plaintiffs' claims are dismissed with prejudice, consistent with the foregoing.

IV.  **Conclusion**

For the reasons set forth above, the Magistrate Judge's Report and Recommendation, [Doc. 144], is adopted and the case is dismissed with prejudice as requested in Defendant's motion. [Doc. 120]. Plaintiff's motion for recusal, [Doc. 143], is denied. In light of the dismissal of this action, the remainder of the pending motions in

7

this action, at [Docs. 116, 151, and 152], are denied as moot.

/s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: January 11, 2016  
Jefferson City, Missouri